WRIGHT, Presiding Judge.
Defendant appeals from a judgment of the trial court holding it liable to plaintiff Hulsey in the sum of $2,268.70.
On November 27, 1967, defendant issued a “Mobile Home Policy” on a 1968 Holiday Mobile Home owned by Joe T. Collins. Plaintiff Hulsey purchased the home from Collins. On February 18, 1969, defendant issued an indorsement consenting to the assignment of interest. Plaintiff Hulsey then paid off the existing mortgage on the home. On December 7, 1973, Hulsey borrowed $3,100.00 from The Bank of Sulli-gent, granting to the bank a security interest in the home and an automobile.
In May 1974, Hulsey traded the trailer to a mobile home dealer, Benefield. According to Hulsey, Benefield agreed to pay off the outstanding indebtedness on the trailer which at that time was approximately $2,500.00. The bank had notice that Benefield was to assume payments, but Hulsey was not released from the note. Shortly after the trade the home was destroyed by fire while at the mobile home lot. After the fire Benefield made three payments on the note, so that the balance as of trial was $2,268.70.
After hearing the evidence the court, sitting without jury, made the following findings :
“After considering the evidence, the Court finds that the insurance policy sued on, and issued by the Defendant was in full force and effect, and the premium was paid, at the time said trailer burned on June 10, 1974.
“The Court further finds that Plaintiff Larry Hulsey owned the insurance policy sued on in this cause on June 10, 1974, that he had an insurable interest in said trailer which was insured by the Defendant in that he was obligated to pay a note, secured by mortgage, which had an unpaid balance of $2,268.70 to The Bank of Sulligent, Alabama, a corporation, at the time of the trial of this cause, and the Court further finds that the loss caused by fire, on June 10, 1974, which among other things the Defendant insured against, was greatly in excess of. the sum of $2,268.70, and that Plaintiff Larry Hulsey gave notice to Defendant of the loss, and Defendant undertook to investigate the loss, and refused to pay the loss, thereby waiving the necessity of filing proof of loss, in the event the same was not in fact filed, which said defense was not raised at the trial of this cause, but was in fact raised by brief following the trial of this cause.”
Defendant’s primary contention on appeal is that the proof showed that Hulsey had no insurable interest in the trailer. Hulsey, it is argued, had traded the trailer and was in the position of a simple contract creditor having a claim against Bene-field if the debt at the bank was not paid.
Regardless of the transfer of title to the trailer to Benefield, Hulsey had a reasonable expectation of pecuniary benefit from the continued existence of the trailer. It was security for his liability on the note. Such liability to the bank continued even *596 after sale. Pacific National Fire Insurance Company v. Watts, 266 Ala. 606, 97 So.2d 797; Lititz M. Ins. Co. v. Barnes, 248 F.2d 241, cert. den. 355 U.S. 931, 78 S.Ct. 411, 2 L.Ed.2d 414.
Defendant next asserts that Hulsey violated the terms of the contract by failing to give notice of loss and by not filing proof of loss within 60 days as required by the policy. This argument fails. First, the adjuster who investigated the loss for defendant testified that he worked the claim August 5, 1974, less than 60 days from the date of loss. The testimony was that the adjuster filled out a claim which was signed by Hulsey. Defendant subsequently denied the claim. Whether investigation, preparation and acceptance of a claim by the adjuster for defendant was sufficient to amount to waiver of the contractual requirement of written proof of loss is not necessary to be decided.
Defendant’s answer presented the defense of lack of an insurable interest by plaintiff. Defendant did not raise failure to furnish proof of loss as a defense. This constituted a waiver of that defense. Quoting from St. Paul Fire & Marine Insurance Co. v. Smith, 280 Ala. 425, 194 So.2d 830:
“Where an insurer refuses to pay a loss because of some alleged defense wholly apart from furnishing proof of loss, it thereby waives the necessity of furnishing such proof. American Automobile Ins. Co. v. English, 266 Ala. 80, 94 So.2d 397; 12 Ala.Dig. Insurance ^559. And we have held that the waiver may be invoked after the period for furnishing proof of loss has elapsed, Rhode Island Ins. Co. v. Holley, 226 Ala. 320, 146 So. 817.”
Under Point IV in brief defendant argues error in the court’s refusal to dismiss The Bank of Sulligent as a plaintiff because the bank was not named as loss payee on the policy. However, the bank held a security interest in the trailer covered by the policy sued on. It looked to the trailer in event of default by Benefield or the insured, Hulsey. The bank claimed an interest relating to the subject of the action (the trailer) and was so situated that the disposition of the action in its absence might as a practical matter have impaired or impeded its ability to protect that interest. Though not a loss payee in the policy, the bank as a secured creditor of Hulsey was a party in interest under Rule 19(a) ARCP.
Defendant contends the court erred in sustaining plaintiffs’ objection to the following question posed to the bank’s vice president: “Even if you were unsuccessful in this suit you would not?” (File suit against Hulsey.) Such question had no relevancy to the issues presented by the suit and called for an improper conclusion.
Defendant’s final contention on appeal concerns the overruling of objections to a question posed by plaintiffs’ attorney to a claims adjuster. There was no error in the court’s ruling as the question was never answered. Orton v. Gay, 285 Ala. 270, 231 So.2d 305.
This case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.