This is an appeal from a jury verdict, and judgment for Billy Marlar Chevrolet and James Orville Scott, resulting from a suit for personal injuries received by James W. Brown in an automobile accident. We affirm.
After a domino game with friends in Reform, Brown, receiving a ride from Dewey Bonner, returned to his home on U.S. Highway 82 in Pickens County. Upon his arrival, Brown disembarked from Bonner's automobile on the opposite side of the highway. He started across the highway — looked to his left, saw approaching cars — looked to his right, saw no moving vehicles. He proceeded to cross the road, and while crossing, a car on his left passed him. When he reached the center of the road, he hurried — shooing his dog from there. When he reached the apron, he was hit by a car owned by Billy Marlar Chevrolet, and driven by James Scott. He was knocked 25 feet east of the highway into a ditch. Brown's injuries included severance of his right foot, his right leg broken in 5 places — requiring amputation — and a broken pelvis.
In his complaint against Scott and Marlar, Brown asserted a claim for the use and benefit of the United States with its expressed consent under T. 42, § 2651 — § 2653, U.S.C. for past and future treatment of his injuries.
The trial proceeded on an answer of contributory negligence, and at its conclusion, the trial court directed a verdict for Billy Marlar Chevrolet, and submitted the case to the jury on the issue of Scott's liability. The jury returned a verdict for Scott. Brown filed a motion for new trial asserting trial court errors, and for the first time, challenged the master jury list. The motion was denied.
The principal issues presented to this Court for review are: the challenged master jury list, the sufficiency of Scott's plea of contributory negligence, the refusal of the trial court to permit the exhibition of a prosthetic device, and the court's charge of the duty of a pedestrian when crossing a roadway other than at an intersection or crosswalk.
 Jury List Challenge
Because Brown waited until after the trial to challenge the master jury list, we hold that, under the facts of this case, he has now waived that right. This Court held in Williams v.State, 342 So.2d 1328 (Ala. 1977) that:
 ". . . henceforth a failure by the defendant in a criminal case to raise proper objection to the composition of a grand or petit jury, including, but not limited to, the constitutional ground of the jury selection process, before entering upon the trial of the case on its merits, constitutes a waiver of his right to do so, subject, of course, to the recognized exceptions of fraud and as to matters which were not known, or by the exercise of due diligence, could not have been known, before trial."
Even though Williams was a criminal case, we opine that the rule announced there is also applicable in a civil case. Cf.Fulwider v. Jacob, 221 Ala. 124, 127 So. 818 (1930).
Without setting it out, the evidence clearly shows that Brown's counsel, with due diligence, could have found out how the master jury list was compiled. Moreover, after reviewing the testimony of the jury commission clerk and other members of the jury commission, we conclude that there was no fraud involved in compiling the jury list by the commission.
 Contributory Negligence Plea
In his answer, Scott pleaded the affirmative defense of contributory negligence. In one instance, he stated that "plaintiff was guilty of negligence which proximately contributed to this accident" — in another, he stated that "plaintiff was guilty of contributory negligence." Brown challenges the sufficiency of those allegations to raise the affirmative defense of contributory negligence. *Page 193 
He excepted to the court's oral charge, and the requested written charges on contributory negligence given by the court, on the same grounds stated here on appeal — i.e., no specific allegations.
While Rule 8 (c) ARCP provides that, "In pleading to a preceding pleading, a party shall set forth affirmatively . . contributory negligence . . .," we opine that extensive factual allegations of contributory negligence need not be set out in an answer. The answer here in general terms is sufficient under the Rule. Cf. American Motorists Ins. Co. v. Napoli,166 F.2d 24 (5th Cir. 1948). See also 5 Wright Miller, FederalPractice and Procedure, Civil, § 1274.
 Admissibility of Prosthetic Device
Brown says that the trial court abused its discretion by prohibiting him from demonstrating to the jury how his artificial leg functioned, and the means by which it was attached to his body. Prosthetic devices are admissible in evidence in the discretion of the trial judge, provided that they are not unduly inflammatory, or offensive, and do not unjustly arouse sympathy for or prejudice against a party. See 29 Am.Jur.2d § 772, p. 842; 83 A.L.R.2d 1273, Annotation § 3; Cf. McElroy, The Law of Evidence in Alabama, Vol. 2, § 207.01 (5) (exhibiting injury to the jury).
From our examination of the evidence, it appears that Brown showed the jury about everything there was to show regarding his artificial leg. For example, part of Brown's testimony included:
 "Q. Now, you are now wearing an artificial leg? Was that artificial leg part of the treatment you received from this accident?
"A. Yes.
* * * * * *
 "Q. Mr. Brown, now you wore this leg down here on Monday, did you not?
"A. Yes.
 "Q. And I noticed yesterday you were not wearing the leg. Will you explain that to the jury?
 "A. They got a thing on here that'll bend and told me to wear I got a belt that fastens to my belt and I had to work with my knee and sometimes it hurts me to sit in these chairs on the back of my leg.
 "Q. Is that the reason you did not wear your leg yesterday and today?
"A. That's the reason I didn't wear my leg.
 "Q. Will you pull up your britches leg now and let's show the jury this leg? How it works? You mind if we take your shoe off? Now, do you have anything in the ankle that moves?
"A. Unh unh.
 "Q. There's no joint in the ankle, that's what I was wondering about.
"A. No joint.
"Q. And it moves in the knee joint?
"A. In the knee.
 "Q. Now, pull the britches leg on up there and let's see what we can see. Can you stand up on it without a shoe on?
"A. Yeah, I can stand up.
 "Q. Now, how far does it come? Show the jury. Comes on up to the hip, right?
"A. Yes.
"Q. Is it uncomfortable?
"A. Well, not too bad, and that pain
 "Q. Now, when you say it pains you, what do you mean, describe that to the jury.
* * * * * *
"Q. What holds it to your body?
"A. A belt.
"Q. Is that belt comfortable?
"A. No.
* * * * * *
 "Q. Yes, sir. All right, sir. You know how much that leg weighs?
"A. Nine and a half pounds.
 "Q. Do you find it difficult to walk any distance with that leg? *Page 194 
"A. Yes, I do."
We think that Mr. Brown got his full measure of demonstration across to the jury. We find this contention to be without merit.
 Jury Charges
At the request of Scott, the trial court gave this charge:
 "9. The Court charges the jury that, under the laws of the State of Alabama, James W. Brown, as a pedestrian crossing the roadway at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection, was required to yield the right-of-way to the vehicle being driven by James Orville Scott."
Brown excepted to the charge on the ground it was misleading. Moreover, he contends that the trial judge erred in giving the charge because he did not instruct the jury with respect to § 32-5-273, Code 1975, providing that:
 "Notwithstanding the provisions of sections 32-5-270 through 32-5-272 every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway. (Acts 1949, No. 516, p. 740, § 17.)"
In our opinion, the trial judge properly instructed the jury of the duty of a driver under § 32-5-273, when he said this:
 "The driver of a motor vehicle must keep a lookout for those who are also using the highway and must exercise due care to anticipate the presence of others on the highway. A motor vehicle driver is chargeable with the knowledge of what a prudent, vigilant operator would have seen and it is negligence if he fails to discover a traveler he could have discovered in time to avoid the injury. The driver is also negligent if he sees a person located in a dangerous situation on a highway and does not then exercise due care to avoid such injury."
We do not find the charges misleading, and we do not find any error in the court's oral charge and the given requested charges.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON and EMBRY, JJ., concur.
JONES, J., concurs in the result.