[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1047 
Plaintiff-appellee, Mary J. Walker, filed suit in the Circuit Court of Tuscaloosa County against Geer Brothers, Inc. The complaint alleged three causes of action against the defendant: (1) breach of warranty, (2) breach of contract, (3) negligence or wantonness.
At the conclusion of the trial the case was submitted to the jury on the theories of breach of contract and negligence. The jury found the issues in favor of the plaintiff and awarded her $5,000.
After the jury verdict the defendant made a motion for j.n.o.v. or, in the alternative, for a new trial. The trial court denied this motion, hence this appeal.
Briefly stated, the facts giving rise to this appeal are as follows: The plaintiff owned a mobile home. The defendant is a corporation engaged in the business of selling and servicing mobile homes. The services provided by the defendant included the transportation of mobile homes. Sometime in July, 1979, the plaintiff contacted the defendant and arranged for the defendant to transport her mobile home. On July 30, 1979, the mobile home was transported by the defendant's employees. During transit the mobile home was damaged. The plaintiff brought this action seeking compensation for the damages which occurred to her mobile home.
On appeal, the defendant, through able counsel, raises four issues that it contends warrant reversal on appeal. This court will address each of these issues. The facts will be further elucidated as they relate to the specific issues raised by the defendant.
 I
The first issue this court will consider concerns the defendant's right to qualify the jury. In brief the defendant alleges that Foremost Insurance Co. is the insurer of the mobile home in question and that the First National Bank of Tuskaloosa is the mortgagee of the mobile home. The defendant further alleges that it did not become aware of the interests of the insurance company and the bank until after the trial had begun; consequently, it was not able to qualify the jury regarding any interest the jurors might have in these two entities. According to the defendant, because it was not able to properly qualify the jury, this case should be reversed. We do not agree.
Assuming that the defendant had valid objections to the composition of the jury, the rule in Alabama, in both civil and criminal cases, is that such objections must be made before entering upon the trial of the case on its merits. If the objection is not made before entering upon the trial on the merits, the right to make that objection is deemed to be waived. Brown v. Billy Marlar Chevrolet, Inc., 381 So.2d 191
(Ala. 1980); Williams v. State, 342 So.2d 1328 (Ala. 1977). The objection is not deemed to be waived, however, if fraud is subsequently discovered or if objectionable matters are discovered which were not known prior to the beginning of the trial on its merits or which by the exercise of due diligence could not have been known. Brown, supra; Williams, supra.
In this case there is no contention that any fraud was involved in selecting the jury. Furthermore, in light of the broad discovery provided by the Alabama Rules of Civil Procedure the defendant could have discovered whether an insurance company was involved in this action or whether a bank claimed any interest in the mobile home.
Finding neither one of the exceptions to the general rule to be applicable, any objections possessed by the defendant regarding the qualifications of the jurors are deemed to be waived.
 II
The defendant next contends that the trial court erred to reversal in admitting *Page 1048 
the testimony of the expert witness offered by the plaintiff. In support of this contention the defendant asserts that the expert had no personal knowledge of the facts upon which he based his opinion and that the facts were not presented to him in the form of a hypothetical question. We find no merit in this contention.
In Alabama, an expert's testimony may be based upon his personal knowledge of the facts. Hagler v. Gilliland, 292 Ala. 262, 292 So.2d 647 (1974); C. Gamble, McElroy's Alabama Evidence § 130.01 (3d ed. 1977). If the expert's testimony is based upon his own personal knowledge, the expert need not be asked a hypothetical question. C. Gamble, supra.
The objected to testimony in this case concerned the value of the mobile home in its damaged and undamaged conditions. The record reveals that the plaintiff was the first witness. Among other things, she testified as to the damage suffered by her mobile home and offered into evidence pictures showing some of the damage. The record further reveals that the expert witness visited the plaintiff in November, 1980, and observed the mobile home in its damaged condition. The witness testified that he observed damage to the underside of the mobile home, the front of the mobile home, the axles and springs of the mobile home, and the outside skin of the mobile home. Based upon his observations and his experience in mobile home repair he was able to estimate the value of the mobile home as damaged and its value had it not been damaged. In light of the above stated principles of law, it is permissible to allow such testimony. See Unexcelled Manufacturing Corp. v. Ragland,52 Ala. App. 57, 289 So.2d 626 (1974).
Finally, we know of no authority requiring the exclusion of this testimony because the expert may have talked to someone regarding who caused this damage. The expert testified only as to the value of the mobile home with and without the damage he observed and not as to who caused the damage.
 III
The defendant next contends that the plaintiff's counsel and the plaintiff made certain improper references to the comparative wealth of the parties and that these references were so highly prejudicial that this judgment must be reversed. Specifically, the complained of statements include references to the plaintiff as a widow lady with limited financial resources, a statement that she lived in the mobile home for a time without the normal utilities, statements that the plaintiff had had a heart attack and a statement that she lived with a retarded son. On only one occasion did the defendant object to any of the foregoing statements. The objection came when the plaintiff referred to herself as a "widow lady." The objection was sustained and the jury was instructed to disregard the non-responsive answer.
As a general rule, it is improper to inform the jury of the relative wealth of the parties to a lawsuit. Patterson v.Craig, 394 So.2d 948 (Ala. 1981); Allison v. Acton-EtheridgeCoal Co., 289 Ala. 443, 268 So.2d 725 (1972). It is also a general rule that a trial court cannot be put in error for allowing supposedly improper statements unless there is an objection to such statements. Pinckard v. Dunnavant, 281 Ala. 533, 206 So.2d 340 (1968); ARCP rule 46. If, however, the statement is so highly prejudicial "that neither retraction nor rebuke by the trial court would have destroyed its sinister influence," (Anderson v. State, 209 Ala. 36, 44, 95 So. 171,179 (1922)), the general rule has no application.
In light of the foregoing, the question this court must decide is whether the complained of statements are so highly prejudicial that the evil influence of such statements was beyond the curative powers of the trial court. After reviewing the record we are unable to hold that the complained of statements reach such a high level of prejudice.
In answering the question before us, much depends upon the issues, parties and atmosphere of a particular case. Contrary *Page 1049 
to the defendant's assertion in its brief, this court has been unable to find constant references to the comparative wealth of the parties. Our review of the record reveals only isolated and, except for one instance, unobjected to references to wealth. Such references as there were were relatively oblique and did not reveal a conscious and blatant attempt by plaintiff's counsel to improperly appeal to the jury's sympathies.
Both of the attorneys zealously and ably represented their clients. The presentations to the jury were not flawless, but then few are. Based upon the evidence, the jury decided the issues and returned a verdict. This court has been unable to find any statements so pervasively evil and prejudicial as to require us to reverse this jury verdict.
 IV
The defendant's final contention is based upon ARCP rule 19. Specifically, the defendant contends that Foremost Insurance Co., the alleged insurer of the damaged mobile home and/or the First National Bank of Tuskaloosa, the alleged mortgagee of the mobile home, fall within rule 19 (a) as persons to be joined if feasible. Because neither one of the foregoing entities were joined, the defendant maintains the judgment should be reversed and remanded for a new trial.
At the outset we note that it is no objection to our consideration of this issue that the defendant raised the issue for the first time in its post-trial motion. Our supreme court has previously held that the absence of an indispensable party can be raised for the first time as late as on appeal. MeadCorp. v. City of Birmingham, 350 So.2d 419 (Ala. 1977).
In considering this issue of absence of an indispensable party, this court is still bound by the record. See Stephens v.Central of Georgia Railroad Co., 367 So.2d 192, 194 (Ala. 1978). A review of the record reveals that nothing was introduced into evidence and therefore nothing was in the record proper that even remotely suggests that Foremost Insurance Co. insured the mobile home in question. All that is before this court regarding the insurance company is the defendant's assertions in its motion for j.n.o.v. and in its brief on appeal that Foremost does in fact insure the mobile home.
It is a well settled principle that an appellate court will not generally consider matters outside the record. AmericanBenefit Life Insurance Co. v. Ussery, 373 So.2d 824 (Ala. 1979). It is equally well settled that an assertion in a party's brief cannot be taken to supplement the record. Mauldinv. Mount Hebron United Methodist Church, 289 Ala. 493,268 So.2d 770 (1972). Furthermore, an appellate court cannot consider statements in brief that are not supported by the record. King v. Smith, 288 Ala. 215, 259 So.2d 244 (1972).
Finding nothing in the record to support the defendant's contention regarding the Foremost Insurance Co., the foregoing authority prohibits this court from considering it as a basis for reversal.
A review of the record does, however, reveal that the First National Bank of Tuskaloosa did hold a mortgage on the mobile home. As a mortgagee, the bank had an interest in the mobile home because it looked to the mobile home in the event of default by the plaintiff. Using the terminology of rule 19, this interest is sufficient to make the bank a "person to be joined if feasible." Cavalier Insurance Corp. v. Hulsey,333 So.2d 594 (Ala.Civ.App. 1976).
In determining whether to vacate the proceedings below and remand for a new trial, this court's inquiry does not end with rule 19 (a), however. When a person or entity who should be joined under rule 19 (a) is absent, rule 19 (b) must be considered in order to determine whether in "equity and good conscience" the action can proceed in the absence of such a person or entity. Only if the criteria of rule 19 (b) are met will the person or entity be considered an indispensable party.
When a judgment is rendered in the absence of a person who should be *Page 1050 
joined under rule 19 (a), rule 19 (b) requires this court to consider the prejudicial effect of such judgment to both the absent person or entity and the parties presently before the court. The record does not reveal the extent of the bank's interest in the mobile home so this court cannot determine the prejudicial effect, if any, of this judgment to the bank. Regarding the possibility of prejudice to the bank we believe it is pertinent to note that the record reflects no attempt by the bank to intervene at the trial to protect its interest nor is the bank presently before this court pressing its interest. Regarding the parties, since the plaintiff prevailed below, she has a strong interest in preserving that judgment and would be prejudiced only if this court remanded this case for a new trial. As for the defendant, by joining the bank as a plaintiff in this action it seeks to avoid the prejudicial effect of a later suit by the bank against the defendant. Where, as here, the moving party is seeking to protect only itself and is not seeking vicariously to protect the absent party against a prejudicial judgment, this court, in determining the weight to be placed upon the possibility of prejudice to the defendant, may properly consider the defendant's delay in seeking to have the bank joined. Fed.R.Civ.P. 19, Comments. See generally,Provident Tradesmens Bank Trust Co. v. Patterson,390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).
Another criterion that rule 19 (b) requires this court to consider is the adequacy of the judgment rendered in the absence of the person or entity who should be joined under rule 19 (a). In interpreting this criterion of rule 19 (b) of the Federal Rules of Civil Procedure which in most respects is identical to rule 19 (b) of the Alabama Rules of Civil Procedure, the United States Supreme Court deemed it to be a protection of the public's interest in "complete, consistent, and efficient settlement of controversies." ProvidentTradesmens Bank Trust Co. v. Patterson, 390 U.S. at 111,88 S.Ct. at 738. The Supreme Court further noted that "[a]fter trial, considerations of efficiency . . . include the fact that the time and expense of a trial have already been spent." Id.
Considering that the bank at no time in this action has attempted, in any way, to protect its interest in the mobile home and that the defendant seeks to make the bank a party solely to protect itself from a later suit by the bank and that the defendant did not raise this issue until after the trial had been completed, this court, in equity and good conscience, cannot conclude that the bank's absence is so prejudicial that a new trial is required. Professors Wright and Miller in their treatise on federal procedure state that when the issue of nonjoinder is raised for the first time after the trial has concluded, "considerations of judicial economy and fairness dictate that the court closely examine the merits of any assertion of nonjoinder to be certain that it really will have prejudicial effects." 7 C. Wright A. Miller, Federal Practice and Procedure § 1609 at 90 (1972). After carefully considering the record, this court has determined that the possibility of prejudice to the defendant is, at best, remote and not sufficient to require a new trial.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.