RUSSELL, Judge.
Salle Lewis Smith, Jr., the father, appeals from an order of the trial court setting monthly child support at $508 and the amount to be paid on arrearage principal and interest at $242 a month. Smith contends that the trial court cannot increase the amount previously agreed to be paid toward child support arrearage in the absence of an agreement and that the trial court cannot add interest to child support arrearage where the parties agreed to suspend accrual of interest as long as child support payments were made as ordered. We affirm.
Although Smith claims that there was an agreement between the parties in 1984 that was incorporated into the trial court’s order, setting the amount to be paid on the child support arrearage at $125 and stating that interest would be suspended as long as child support and arrearage payments remained current, the record does not contain evidence of an agreement between the parties or the 1984 order of the trial court.
“The record on appeal of the proceedings in the trial court must affirmatively demonstrate that the trial court committed error, and if that record itself does not disclose any such alleged error, we cannot consider the issue. An appellant must affirmatively show from the record on appeal that an alleged error was in fact committed, and matters set forth in a party’s brief cannot substitute for the record itself. Stated differently, this court cannot reverse where no record is presented for review.”
Anderson v. Fields, 507 So.2d 963 (Ala.Civ.App.1987) (citations omitted).
Since the record on appeal does not contain evidence of any agreement between the parties, we have nothing to review. Therefore, this case is due to be affirmed.
Beverly Jean Nickerson, the mother, has requested an attorney’s fee for representation on appeal. This request is granted in the amount of $400.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.