ON APPLICATION FOR REHEARING
The opinion of February 26, 1993, as amended on April 23, 1993, is withdrawn, and the following opinion is substituted therefor.
The Town of Dauphin Island ("Town") appeals from a judgment declaring that the vacation of Pirates Cove Street was a legal and valid vacation pursuant to Ala. Code 1975, § 23-4-20(a). Because the trial court did not abuse its discretion in so ruling, we affirm the judgment.
The Town was incorporated in 1988. Before that, Mobile County had maintained Pirates Cove Street, as well as the other dedicated public streets within the Dauphin Island subdivision, which are now public streets maintained by the Town. Point Properties, Inc., owns land adjacent to and on either side of Pirates Cove Street, and plans to build a commercial development along the beach on Dauphin Island. The proposed development borders West Surf Beach, a private beach owned and maintained by the Dauphin Island Property Owners Association ("Association"), a nonprofit corporation, for its subdivision members. Pirates Cove Street provides access from Bienville Boulevard, a major east-west thoroughfare of Dauphin Island, to the east end of West Surf Beach. Raphael Semmes Street, 2065 feet west of Pirates Cove Street, is the next nearest roadway providing access to West Surf Beach from Bienville Boulevard. The 1953 plat of the Dauphin Island subdivision shows seven 10-foot-wide walkway easements between Bienville Boulevard and West Surf Beach.
Point Properties and the Association on September 14, 1987, obtained from the Mobile County Commission the vacation of that portion of Pirates Cove Street lying south of Bienville Boulevard, by proceeding under § 23-4-20(a). The proposed vacation of the street had been the subject of long and heated discussion at a meeting of the members of the Association on May 9, 1987. The vacation was not voted on by the Association members, but they did vote to change the Association's "Building Restrictions and Protective Covenants" in order to provide for condominium development in the Beach Commercial Area South. After vacation of the street, the Association transferred its title and interest in Pirates Cove Street to Point Properties on October 19, 1987, by quitclaim deed.
In May 1989, the Town's council denied Point Properties permission to remove the asphalt from Pirates Cove Street. In the opinion of the Town's attorneys, the 1987 vacation was void because some of the owners of lots in the original 1953 subdivision plat containing Pirates Cove Street had not joined in the vacation of the street. Point Properties sued the Town on December 3, 1990, seeking a judgment declaring that the street had been properly and legally vacated in 1987.[1] The trial court entered a declaratory judgment on March 27, 1992, made final pursuant to Rule 54(b), Ala.R.Civ.P., holding that Pirates Cove Street had been legally vacated pursuant to §23-4-20 and that Point Properties was, therefore, the owner of the former street. The trial court based its holding in part on its conclusion that other lot owners in the 1953 Dauphin Island subdivision "still had convenient and reasonable access to the beach after vacation." C.R. 88.
The Town raises numerous issues in its appeal from the declaratory judgment. Under § 23-4-20, all owners of land that abuts that portion of a street to be vacated have a right to join in the written declaration of intent to vacate. The Town contends that the vacation is invalid because Odia Pesnell, the owner of lot 78 at the southern end of Pirates Cove Street, is an abutting landowner but did not join in the *Page 604 
vacation. The trial court found that Pesnell was not an abutting owner because a 10-foot-wide walkway easement separated his property from Pirates Cove Street.
Because a lot separated from a street by a walkway does abut that street, see City of Bessemer v. Brantley, 258 Ala. 675,681, 65 So.2d 160 (1953), the trial court erred in finding that Pesnell was not an abutting landowner. To hold that the presence of an easement or right-of-way, such as a walkway or sidewalk along the boundary between a lot and the street, prevents a lot adjacent to a street from "abutting" that street would contradict the clear intent of § 23-4-20(a). To so hold, whenever such an intervening easement or right-of-way exists, would remove the requirement that the owner of abutting land having a common boundary with a street must join in the vacation of the street. However, as we indicate below, this finding by the trial court constitutes harmless error, because Pesnell supported the vacation, and the trial court correctly found that, in this case, the Association had acted, constructively, on behalf of Pesnell and any other of its members that were abutting owners required by § 23-4-20(a) to consent to the vacation.
Mr. Pesnell testified that he was present at the May 9, 1987, meeting of the Association members, that he had no objection to the vacation of Pirates Cove Street, and that he would have joined in the vacation but that he "just didn't get that far," apparently because he did not believe that his lot abutted on the street. T.R. 260. Thus, Point Properties, the Association, and Mr. Pesnell all believed that all of the abutting owners had joined in the vacation pursuant to § 23-4-20(a). Because Pesnell did not oppose the vacation, the purpose of the vacation statute in protecting the property rights of abutting land owners is not violated by allowing the Association to act constructively on behalf of Pesnell in consenting to the vacation. Our determination that the Association consented to the vacation on behalf of Mr. Pesnell must be narrowly construed under the facts of the case, and it cannot be interpreted as compromising an abutting owner's right to personally object or consent to vacation under § 23-4-20. We do not imply that a property owners' association, or other similar entity, can consent to the vacation of a street on behalf of a member who owns abutting land when, in fact, the member objects to the vacation.
The Town next raises a related contention, that the individual lot owners did not consent to the vacation of Pirates Cove Street. The Town bases its argument on the property interest, held individually by subdivision lot owners, in access to a private beach. See Jackson v. Moody,431 So.2d 509, 513 (Ala. 1983). Because of this property right, the Town contends that Booth v. Montrose Cemetery Ass'n, 387 So.2d 774,776-77 (Ala. 1980), requires consent by all nonadjacent subdivision lot owners for the vacation to be valid. Booth does not control this case. Here, the trial court found that the constitution of the Property Owners Association gave the Association authority to consent to the vacation on behalf of all Association members who were lot owners within the Dauphin Island subdivision.
The Town also contends that the Association could not dispose of its members' individual rights in access to West Surf Beach as provided by Pirates Cove Street. As indicated above, the issue is not whether the Association may dispose of its members' access rights. Rather, the issue is whether any of these members oppose and desire to set aside the vacation of Pirates Cove Street. Nothing in the record indicates that any lot owners desire to set aside the vacation.
The Town contends that, because the trial court recognized in its judgment "that access to West Surf Beach is a valuable property interest belonging to [the] nonabutting Subdivision lot owners on Dauphin Island," C.R. 88, then the declaratory judgment is void for failure to join these nonabutting lot owners as indispensable parties under Rule 19, A.R.Civ.P.
The Town first raised the failure to join indispensable parties in its motion to alter, amend, or vacate the declaratory *Page 605 
judgment or, in the alternative, for a new trial. However, failure to add a necessary and indispensable party is subject to review on appeal, even if the issue was not raised before the trial court. Boles v. Autery, 554 So.2d 959, 961
(Ala. 1989). "There is no prescribed formula for determining whether a party is a necessary one or an indispensable one. This question is to be decided in the context of each particular case." Holland v. City of Alabaster, 566 So.2d 224,227 (Ala. 1990) (citation omitted).
Under the facts and circumstances of this case, Pesnell, as an abutting lot owner, and the nonabutting lot owners in the Dauphin Island subdivision, were not indispensable parties. We base this conclusion upon careful consideration of the record and upon analysis under Rule 19(b), A.R.Civ.P. See Geer Bros.,Inc. v. Walker, 416 So.2d 1045, 1049 (Ala.Civ.App. 1982); ByrdCompanies, Inc. v. Smith, 591 So.2d 844, 846 (Ala. 1991). The interest in beach access is held in common by all subdivision lot owners and is not an individualized property interest rising to the level that would require joinder of the nonabutting lot owners. See Byrd Companies, supra, at 846-47.
Pesnell was a witness in the proceedings below; he testified that he did not object to the vacation; and he made no attempt to join as a party to the action. His actions estop him from later challenging the vacation; thus, the failure to join Pesnell will not lead to the possibility of contradictory judgments that might be prejudicial to Pesnell or to the existing parties in the declaratory judgment action.
We note that "when the issue of nonjoinder is raised for the first time after the trial has concluded, 'considerations of judicial economy and fairness dictate that the court closely examine the merits of any assertion of nonjoinder to be certain that it really will have prejudicial effects.' 7 C. Wright 
Miller, Federal Practice Procedure § 1609 at 90 (1972)." GeerBros., supra, at 1050.
Careful consideration of the record indicates that, all things considered, the trial court's judgment is not prejudicial to Pesnell or to those already parties, that the judgment rendered in Pesnell's absence is adequate, and that the plaintiff-appellee would have no adequate remedy if the action were dismissed for nonjoinder. In light of the facts and circumstances of this case, in particular Pesnell's support for the vacation and the absence of any nonconsenting lot owners, we find that there was no violation of Rule 19, A.R.Civ.P., that would require us to remand or reverse for failure to join an indispensable party.
The Town next challenges the constitutionality of the vacation statute. We do not address this issue, because the Town failed to preserve its constitutional objections for appeal. Olympia Spa v. Johnson, 547 So.2d 80, 86 (Ala. 1989);Nationwide Mut. Ins. Co. v. Clay, 525 So.2d 1339, 1344
(Ala. 1987), cert. denied, 488 U.S. 1040, 109 S.Ct. 863,102 L.Ed.2d 988 (1989). It did not serve the attorney general with notice of the constitutionality issue, as required by §6-6-227, until a month after trial. See Cole v. Sylacauga Hosp.Bd., 269 Ala. 405, 409, 113 So.2d 200 (1959).
The Town contends that the trial court applied an incorrect test in determining whether the 1987 vacation was valid. The court's judgment, in holding the vacation valid, follows the "convenient and reasonable" requirement set forth in the vacation statutes, which our cases have applied to the rights nonabutting lot owners have in convenient and reasonable access to a private beach. See Jackson v. Moody, 431 So.2d at 513-14. The Town contends that the "rule of remoteness" must be applied and that the trial court erred by not applying it. Because there are no non-consenting lot owners here, there is no fact situation in this case that would invoke the rule of remoteness. See Jackson v. Moody, supra, at 513; Booth v.Montrose Cemetery Ass'n, supra, at 777.
We will not reverse the judgment of the trial court on this record, which shows that no lot owner objected to the vacation of the street. The evidence was conflicting as to whether there was a convenient means of ingress to and egress from the beach after *Page 606 
the vacation. The trial court determined that such access remained, holding:
 "Although the evidence is in dispute as to whether or not there are other convenient and reasonable means of ingress and egress to and from West Surf Beach, the Court finds as a fact from the evidence that the other platted streets and walkways do provide convenient and reasonable means of ingress and egress to the beach for other lot owners within the Dauphin Island Subdivision."
The judgment of the trial court is affirmed.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
[1] The court postponed consideration of the other counts raised in Point Properties' complaint pending the outcome of the declaratory judgment request.