KENNEDY, Justice.
This case involves a controversy between Scott & Scott, Inc., a small, family-owned corporation (herein referred to as “the Scotts”), the City of Mountain Brook, and Harry Bagby and Sidney Bagby. The Scotts own commercial property in Mountain Brook across Country Club Boulevard from the Bagbys’ residential property; both the Scotts’ and the Bagbys’ property abut Country Club Boulevard.
Country Club Boulevard is positioned along the center of a 60-foot-wide street right-of-way between the properties. The outer 20 feet of the right-of-way on the Bag-by side is unimproved and exists as a section of the Bagby lawn.
The Bagbys and Mountain Brook sought to vacate the 20-foot strip of unimproved street right-of-way alongside the Bagby property, pursuant to Ala.Code 1975, § 23-4-20(a), which permits such a vacation with the consent of abutting landowners. The Scotts objected and brought this action against the Bagbys and Mountain Brook, seeking to permanently enjoin the vacation. On cross motions for summary judgment, the trial court held in favor of the Bagbys and Mountain Brook. The Scotts appealed.
Section 23-4r-20(a) provides, in pertinent part:
“Any street or alley may be vacated, in whole or in part, by the owner or owners of the land abutting the street or alley or abutting that portion of the street or alley desired to be vacated joining in a written instrument declaring the same to be vacated. ...”
The Scotts contend that they are “abutting landowners” under § 23^4-20(a) and that their consent was therefore required before Mountain Brook could vacate the right-of-way strip in question. At issue on appeal is whether the trial court properly entered the summary judgment for the Bagbys and Mountain Brook — specifically whether the trial court properly held that the Bagbys were the only “abutting” landowners.
Mountain Brook and the Bagbys argue that because the area of the right-of-way to be vacated is on the Bagbys’ side of Country Club Boulevard, the Scotts are not “abutting” landowners and their consent is therefore not required. We disagree.
In Town of Dauphin Island v. Point Properties, Inc., 620 So.2d 602 (Ala.1993), the Court considered whether a lot that was adjacent to a street to be vacated should be determined not to “abut” the street, because of the presence of a sidewalk easement running along the boundary between the lot and the street. The Court held that the lot and the street had a common boundary that was unaltered by the existence of the sidewalk easement, emphasizing that “a lot separated from a street by a walkway does abut that street.” 620 So.2d at 604.
We conclude that a parcel of land that adjoins a street right-of-way “abuts” that right-of-way as to its entire width. The fact that a street runs along the center of the right-of-way does not undo the fact that the parcels of real estate on opposite sides of the street “abut” the right-of-way; specifically, a parcel of land on one side of the street “abuts” that portion of the right-of-way lying on the opposite side of the street. It is simply immaterial that pavement atop the common boundary of these two properties artificially separates the property to be vacated from the Scotts’ property.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, INGRAM, and COOK, JJ., concur.
*44 BUTTS, J., dissents.
SHORES, J., recuses.