On Application for Rehearing
The opinion of July 19, 1996, is withdrawn, and the following opinion is substituted therefor. Tannin, Inc., filed a declaratory judgment action against Richard Haston and Ben M. Campbell (together referred to as Haston), who were the owners of certain real property; and James L. Baynes and Doris L. Baynes (referred to as Baynes), the owners of certain other real property, requesting the trial court to enter a judgment declaring that Haston and Baynes do not have an easement over and across Tannin's property. Haston and Baynes each answered and filed a counterclaim alleging that Tannin had obstructed each one's easement and that the obstruction constitutes a trespass and a nuisance. The parties settled the trespass and nuisance counterclaims. On the issue of the easement, the trial court denied Tannin's motion for a summary judgment and entered summary judgments for Haston and Baynes, ruling that Haston and Baynes each has an easement over Tannin's property and that those easements run with the land. Tannin appealed. This case was transferred to this court by the Supreme Court pursuant to Ala. Code 1975, § 12-2-7(6).
Tannin argues on appeal that the trial court erred in entering the summary judgments for Haston and Baynes and that it should have granted Tannin's own summary judgment motion. We conclude that the trial court properly entered the summary judgments for Haston and Baynes. A motion for summary judgment is to be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. Moreover,
 "In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable *Page 400 
inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present 'substantial evidence' creating a genuine issue of material fact — 'evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Ala. Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)."
Capital Alliance Insurance Co. v. Thorough-Clean, Inc.,639 So.2d 1349, 1350 (Ala. 1994).
The Martins originally owned the parcels now owned by Tannin, Baynes, and Haston. In 1958, the Martins sold parcel 34 to Haston's predecessor in title, by a deed containing the following language:
 "An easement not to exceed 25 feet in width and extending 210 feet east of lot herein conveyed to a roadway leading to the Gulf of Mexico. . . ."
In 1960, the Martins sold to Baynes parcel 33 by a deed containing the following language:
 "An easement not to exceed 25 feet in width and extending 260 feet east of lot herein conveyed to a roadway leading to the Gulf of Mexico. . . ."
George A. Gounares, Olga L. Gounares, and Joe D. Burland acquired parcel 43 from the Martins in 1988. George Gounares is the president of Tannin, and Burland is the vice-president. Later in 1988, Tannin purchased parcel 43.
The primary feature of Tannin's property is parcel 43, a roadway known as Middle Gate Road which leads from Perdido Beach Boulevard to the Gulf of Mexico. Middle Gate Road is the roadway described in the Baynes deed and in the Haston deed.
Parcel 33 (Baynes), parcel 34 (Haston), and parcel 35 (still owned by the Martins) front Perdido Beach Boulevard on the beach side. Parcels 33 (Baynes) and 34 (Haston) extend only 125 feet from the boulevard, but parcel 35 extends 200 feet from the boulevard. To reach the water from parcels 33 (Baynes) or 34 (Haston) one would travel east to parcel 35, then travel approximately 210 feet across parcel 35 to get on Middle Gate Road. Upon reaching Middle Gate Road, one would travel south to the water.
In 1993, Tannin built a fence, apparently a few inches east of parcel 35. This fence blocks the path that Baynes and Haston use after crossing from their parcels and parcel 35 to Middle Gate Road. Tannin then filed its declaratory judgment action.
An easement is created either by deed, prescription, or adverse possession. Camp v. Milam, 291 Ala. 12, 277 So.2d 95
(1973). In this case, each easement was created by deed. "It is a fundamental precept of property law that courts should construe instruments so as to give effect to the intent of the parties." Brashier v. Burkett, 350 So.2d 309, 311 (Ala. 1977). "The real inquiry in construing the terms of a deed is to ascertain the intention of the parties, especially that of the grantor, and if that intention can be ascertained from the entire instrument, including its several parts, resort to arbitrary rules of construction is not required." Wilkins v.Ferguson, 294 Ala. 25, 27, 310 So.2d 879, 881 (1975).
The trial court concluded that the language of each easement was "unambiguous as a matter of law," but then found:
 "[I]t was the intention of the parties in the creation of said easements, that the Grantees of said easements have the property rights to a way, which leads due East from their property to that roadway currently named Middle Gate Road. . . . The Court further finds that the Grantees of said easements have the right to proceed southerly on Middle Gate Road to access the Gulf of Mexico."
The trial court further concluded that the fence constructed by Tannin was an "unlawful obstruction" to the easements granted in the deed and ordered that an opening be made in the fence so that Haston and Baynes, and their successors in title, may continue to use their easements.
We first hold that the trial court erred in concluding that the language unambiguously grants an easement all the way to the Gulf of Mexico. The language grants an easement "to a roadway [Middle Gate Road] *Page 401 
leading to the Gulf of Mexico." We agree with Tannin that the language of the easement unambiguously grants an easement only to the road, but not down the road to the Gulf of Mexico. However, we further conclude that the intent of the grantor was to grant an easement down Middle Gate Road to the Gulf of Mexico.
Baynes testified that he had difficulty finding a waterfront beach parcel that he could afford when he was looking for beach property. Baynes further testified that Mr. Martin, the grantor, told him that he would sell Baynes a parcel without beach frontage and would grant him an easement for water access. The record also reveals that Baynes has, for as long as he has owned his property, travelled east along the undisputed portion of the easement, and then south down Middle Gate Road to reach the water. Other property owners also have used easements, granted by the Martins, down Middle Gate Road, for water access.
Tannin argues that the easement goes only east to the road and does not grant access down the road to the water. We disagree. The parcels in this case are all primarily used for vacation homes, and water access is of the utmost importance for the use of the parcels. The evidence before the trial court reveals that the intent of the grantor was to grant an easement east to Middle Gate Road, and then south to the Gulf of Mexico. Tannin failed to present substantial evidence that the intent of the grantor was to grant an easement only east to the road. Therefore, the trial court correctly ruled, as a matter of law, that Haston and Baynes have an easement across parcel 35 and down Middle Gate Road.
Tannin also argues that the easements do not run with the land, that is, that its property is not subject to the easements its predecessor in title, the Martins, granted to Haston and Baynes. "One who purchases land subject to, or with notice of, an easement takes the estate subject to such easement." Brown v. Alabama Power Co., 275 Ala. 467, 470,156 So.2d 153, 155 (1963). Tannin admits that it had notice of the easements. Therefore, we conclude that the easements run with the land, and that Tannin's property is subject to the easements.
The summary judgments for Haston and Baynes are affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED; AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.