HOLMES, Retired Appellate Judge.
A.R. Martin; his wife, Dorothy L. Martin; and Beverly M. Mask, individually, and as executrix of the estate of Dudley L. Mask, Jr., deceased (hereinafter collectively referred to as Martin), own parcels 31, 32, and 35 in Orange Beach, Alabama. Parcels 32 and 35 front the highway on the beach side. A.R. Martin and Beverly M. Mask are brother and sister.
Tannin, Inc. (Tannin), owns parcel 43, a roadway known as Middle Gate Road, which runs from the highway to the Gulf of Mexico. Parcel 35 shares a common boundary with parcel 43, beginning where both parcels intersect the highway and continuing south for approximately 200 feet.
Martin has “[a] perpetual right-of-way or easement over and across [parcel 43] for the purpose of ingress and egress to the Gulf of Mexico and use of the beach.” The easement which Martin has in parcel 43 runs along Highway 182 (highway) for approximately 41 feet and from the highway to the beach for approximately 800 feet.
Martin has owned parcel 35 since 1968 and has owned parcels 31 and 32 since the early 1980s. Tannin has owned parcel 43 since 1988.
In 1993 Tannin erected a fence along the east and west boundaries of parcel 43, extending from the highway and continuing some 800 feet toward the beach. This fence runs along the eastern boundary of parcel 35.
In 1994 Martin began developing the Martin and Mask subdivision, which encompasses parcels 31, 32, and 35. Martin applied to the Orange Beach Planning Commission for approval of the proposed subdivision.
In February 1994 Martin filed a complaint against Tannin, alleging that the fence that Tannin erected was blocking Martin’s access to the easement over and across parcel 43. Martin requested that the trial court order Tannin to remove the fence bordering Martin’s property and to restore Martin’s right to use the easement for the purpose of ingress and egress to the Gulf of Mexico.
In October 1994 Tannin filed an answer and a counterclaim, alleging that the proposed Martin and Mask subdivision does not comply with the subdivision regulations for Orange Beach. Tannin requested that the trial court declare the proposed subdivision to be void and of no force and effect due to *472 its failure to comply 'with Orange Beach’s subdivision regulations. In its counterclaim Tannin also requested that the trial court determine that Tannin’s “fence does not violate the terms of the easement and can remain standing” and that Martin’s “easement over and across parcel 43 can only be accessed from the [highway].”
On November 8, 1994, the Orange Beach Planning Commission granted final approval for the Martin and Mask subdivision, contingent upon the utility easements being shown on the plat.
In September 1995 the trial court tried the case, sitting without a jury. On July 10, 1996, the trial court issued an order, which stated the following, in pertinent part:
“2. The Martin and Mask subdivision ... does not comply with the rules and requirements of the applicable jurisdiction and is unlawful, invalid, and void.
“3. The court has carefully reviewed Alabama statutory and case law and does not find Alabama law that directly addresses ingress and egress onto an easement from any point along the margins of the easement that would be applicable to the facts of this case. After reviewing the terms of the easement in .question and all relevant evidence, the court is of the opinion that the purpose of the easement is to provide access from the public highway to the Gulf of Mexico and that the easement can only be entered at a point where it adjoins the public highway and not at any other point along its margins. Amy other point of entry to the easement would be unduly burdensome to the subservient estate and not in accord with the evidence.
“It is, therefore, ORDERED, ADJUDGED, and DECREED as follows:
“1. The private easement over and across parcel #43 ... can' only be accessed from the point where it touches the [highway] and neither [Martin] nor those claiming through [them] can access the easement over and across said parcel # 43 from any other point or location.
“2. That certain subdivision known as the Martin and Mask subdivision ... is unlawful and invalid and the subdivision- of the property reflected thereby is void.”
Martin filed a motion to alter, amend, or vacate the trial court’s judgment of July 10, 1996. In this motion Martin referred the trial court to this court’s decision in Tannin, Inc. v. Haston, 690 So.2d 398 (Ala.Civ.App.1996). This court released Haston on July 19, 1996.
In this motion Martin argued the following, in pertinent part:
“4. That it is inconsistent as a matter of law for this court to determine that [Martin] may not access the easement of Middle Gate Road from the west in light of the Alabama Court of Civil Appeals decision that Haston and Baynes may cross the lands of [Martin], under the terms of their easement, to access Middle Gate Road from the west.”
Haston owns parcel 34 and Baynes owns parcel 33. We would note that these two parcels border the highway and that parcel 35 is located between these two parcels and parcel 43. In Haston, 690 So.2d 398, this court affirmed the trial court’s judgment which ordered that an opening be made in Tannin’s fence along the eastern boundary of parcel 35 to enable Haston and Baynes to continue to use their easements across parcel 35 and down Middle Gate Road (parcel 43) to the beach.
In this post-judgment motion Martin also requested that the trial court clarify the manner in which the subdivision plat is “unlawful, invalid, and void.”
On November 1, 1996, the trial court issued an order, stating the following, in pertinent part:
“2. The court understands the holding of Tannin, Inc. v. Haston. If the Court of Civil Appeals does not grant the application for rehearing, the issue presented in the instant case will become moot because there will be an easement across "the southern portion of [Martin’s] property in this case. It would therefore not create any additional burden to Tannin for [Martin] and [his] successors in title to gain access to Middle Gate Road at the same point.
“3. The court is of the opinion that the original decree is correct and that the own *473 er of an easement may only gain access to the easement either at the point of beginning or point of ending, the court declines to amend its order at this time. If the Alabama Court of Civil Appeals denies the application for rehearing, the court will reconsider this order and allow [Martin] to access Middle Gate Road at the same point that Haston and Baynes and their successors in interest will have a legal right to enter.
“4. The court declared that [Martin’s] subdivision was null and void because the subdivision plat fails to comply with the ordinances of the Town of Orange Beach in that:
“(A) The roadway is not a public way,
“(B) It is narrower than the required right-of-way and narrower than the required pavement,
“(C) The street does not end in a cul-de-sac,
“(D) The subdivision is not signed or sealed by a surveyor or civil engineer, and
“(E) The subdivision plat does not carry the required certificate.
“5. Therefore, [Martin’s] Rule 59 motion be, and the same is, hereby denied, except that the court retains jurisdiction to modify the order after the Court of Civil Appeals rules on the application for rehearing in Tannin, Inc. v. Haston, supra.”
Martin appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
In the first issue Martin contends that the trial court erred when it ruled that Martin’s easement over parcel 43 may be accessed from the highway only and may not be accessed at any other point along the easement.
However, as noted above, the trial court, in its order of November 1, 1996, “retain[ed] jurisdiction to modify the [July 10, 1996,] order after the Court of Civil Appeals rules on the application for rehearing in Tannin, Inc. v. Haston, supra.” On December 6, 1996, this court overruled the application for rehearing in Haston. Martin filed his notice of appeal on December 12, 1996. We would also note that on March 21, 1997, our supreme court denied Tannin’s writ of certiora-ri in Haston.
It would appear that the appeal on the first issue was premature because the trial court retained jurisdiction of this issue; therefore, there is no final judgment on this issue. Our review of the record indicates that neither party filed any motions in the trial court after this court overruled the application for rehearing in Haston. Our review of the record also reveals that the trial court was never afforded an opportunity to modify its July 10, 1996, order after this court overruled the application for rehearing in Haston. Consequently, under these facts and in this instance, we cannot hold the trial court in error when the record before this court does not reveal any reversible error on the part of the trial court. Smith v. Nickerson, 582 So.2d 554 (Ala.Civ.App.1991).
In the second issue Martin contends that the trial court erred when it declared the Martin and Mask subdivision “unlawful, invalid, and void.”
Martin argues that the trial court applied the wrong standard when it ruled that the subdivision did not strictly comply with the subdivision regulations. Martin contends that the proper inquiry should have been whether the Orange Beach Planning Commission’s approval of the subdivision was arbitrary and capricious and was not based on any factors related to public health, safety, morals, or general welfare.
However, Martin fails to cite any authority to support this contention. It is well settled that this court is precluded from considering an issue when there is no authority cited in support of the appellate argument. Cockrell v. State ex rel. Franklin, 637 So.2d 903 (Ala.Civ.App.1994).
Martin also contends that because the Orange Beach Planning Commission that approved the proposed subdivision was not a party to the present action, the trial court was without jurisdiction to determine the validity of the Martin and Mask subdivision. Martin argues that the Orange Beach Plan *474 ning Commission was a necessary and indispensable party under Rule 19, Ala. R. Civ. P.
• In the present case Tannin filed its counterclaim in October 1994, requesting that the trial court declare the proposed subdivision to be void and of no force and effect due to its failure to comply with Orange Beach’s subdivision regulations. As previously noted, Tannin filed this counterclaim prior to the time that Martin had received final approval of the proposed subdivision in November 1994.
Tannin did not name the Orange Beach Planning Commission as a counter-defendant, even though it sought to have the proposed subdivision, which was approved by the Orange Beach Planning Commission, declared void and of no force and effect. However, we would note that Martin also made no attempt to include the Orange Beach Planning Commission as a party after Tannin filed its counterclaim.
In fact, Martin failed to raise any issue concerning the absence of the Orange Beach Planning Commission as a party until this appeal. We recognized the following in Geer Brothers, Inc. v. Walker, 416 So.2d 1045, 1049 (Ala.Civ.App.1982): “Our supreme court has previously held that the absence of an indispensable party can be raised for the first time as late as on appeal.” (Emphasis added.)
In the present case, while the Orange Beach Planning Commission was a proper party and a necessary party, it was not an indispensable party. See J.R. McClenney & Son, Inc. v. Reimer, 435 So.2d 50 (Ala.1983). After reviewing the record, and considering the fact that Martin did not raise this issue until appeal, this court cannot conclude, in equity and good conscience, that the Orange Beach. Planning Commission’s absence is so prejudicial as to require reversal of the trial court’s judgment on this issue and remand for a new trial. J.R. McClenney & Son, Inc., 435 So.2d 50; Geer Brothers, Inc., 416 So.2d 1045. Thus, the trial court had jurisdiction to decide the controversy in the present case.
In light of the foregoing, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.