WRIGHT, Presiding Judge.
Defendant in a divorce decree rendered May 7, 1981, was found in contempt of court on October 8, 1981, for failing to pay an attorney fee of $1,800 awarded by the court to plaintiff in the divorce decree. Though finding defendant in contempt, the court placed no sanction upon defendant other than to fix a lien upon defendant’s assets and direct the issuance of an execution. Defendant thereupon filed notice of appeal.
Plaintiff moved to dismiss the appeal. This court denied the motion, choosing to treat the appeal as a petition for certiorari, certiorari being the proper method for review of a finding of contempt when the defendant is not in jail. Wilson v. Freeman, 376 So.2d 1096 (Ala.Civ.App.1979).
At the time of the filing of the petition for Rule Nisi by plaintiff, there was pending before this court an appeal of the divorce decree taken by defendant without supersedeas bond. Though a supersedeas bond was set, defendant failed to make it. The appeal was dismissed by this court on motion of defendant on September 16,1981. In the interim, defendant filed a pleading termed “Counterclaim for Declaratory Relief” in response to the petition for Rule Nisi.
The essence of that pleading was that because of restraining orders issued by the court preceding the divorce, the requirements of the divorce decree and the too high supersedeas bond set for the appeal, defendant’s contracting business was destroyed. He claimed damages from plaintiff for causing such condition. Plaintiff moved to dismiss for failure to state a claim. The motion was granted. Defendant charges error in such dismissal.
To say that such a pleading in response to a citation for contempt is unusual, is rather an understatement. It is the first of such nature this court has seen. We need not decide whether such a pleading might be permissible, because in this case the matters alleged therein are only relevant to the original divorce and any appeal therefrom. Both of those matters have previously been terminated. The only justiciable matter presented for review in a contempt proceeding is whether there was legal basis for the finding of contempt for failure to comply with the prior orders of the court. Brady v. Brady, 358 So.2d 744 (Ala.Civ.App.1978).
Defendant submits that the court was in error in sustaining objection to the introduction of two checks offered by him. The checks were dated in June 1980, nearly a year prior to the divorce. They were admittedly written upon the business account of the defendant and signed with his name by plaintiff. It was also admitted that plaintiff was keeping the books of the business and writing payroll and other checks on the account prior to June 30, 1980. It was not disclosed what the checks were for. Defendant contends that he offered them to show that he was without funds with which to comply with the decree of the court.
*800 Perhaps the checks would have been admissible if sufficiently connected to defendant’s present financial condition, but they were not. There was no evidence presented tending to show defendant’s present financial condition other than the averment that his contracting business was ruined by the divorce and division of property.
Defendant also complains of denial of the entry into evidence of some photographs taken of property awarded him in the divorce decree. He says they were offered to show how worthless such property was. Though the photographs were rejected, there was oral evidence accepted as to each one, including a description of what it portrayed. We again fail to see a material relevancy to the issue before the court and find there was no substantial injury.
From our review of the record, or lack of it, we find no error in the finding of contempt. Defendant totally failed to produce material evidence to support his only defense — that of financial inability to comply with the judgment of the court. Gorman v. Gorman, 392 So.2d 238 (Ala.Civ.App.1980).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.