The plaintiffs, Curtis Gene Wright, Sheri Deann Wright, and Alfred E. Wright, sued Alan Mills, Inc. (the "corporation"), and Roberta Goza, alleging that they had failed to pay on certain promissory notes made by the corporation to the plaintiffs. The complaint also alleged that Ms. Goza had breached a contract with Alfred Wright that granted Wright minority ownership status in the corporation.[1] Ms. Goza and the corporation counterclaimed against Alfred Wright, alleging that he had procured the contract by fraud and that he had breached it. The trial court, after hearing ore tenus evidence, found for the plaintiffs and against the corporation on the claim based on the promissory notes. The trial court ruled in favor of Ms. Goza on her counterclaim against Alfred Wright.
Alfred Wright appeals the trial court's refusal to hold Ms. Goza personally liable for the judgments against the corporation on the promissory notes. The only issue is whether the trial court erred in refusing to "pierce the corporate veil" and thereby to impute the liability of the corporation on the notes to Ms. Goza personally. *Page 1319 
At the outset, we note that a corporation is a distinct entity to be considered apart from the individuals who operate it, and that a corporation's obligations and transactions are to be considered separately from those of the corporation's stockholders. East End Memorial Association v. Egerman,514 So.2d 38, 42 (Ala. 1987). However, a " 'separate corporate existence will not be recognized where a corporation is so organized and controlled and its business conducted in such a manner as to make it a mere instrumentality of another.' "Woods v. Commercial Contractors, Inc., 384 So.2d 1076, 1079
(Ala. 1980), quoting Forest Hill Corp. v. Latter Blum, Inc.,249 Ala. 23, 28, 29 So.2d 298, 302 (1947).
In the present case, there was evidence before the trial court that Ms. Goza was the owner of 100% of the shares of stock of the corporation at the time the parties entered into the contract. There was also evidence that Ms. Goza was in charge of the day-to-day operations of the corporation and that she wrote checks on the corporation's account to D H Hosiery, a business owned by her son, as well as to herself.
However, Ms. Goza presented testimony indicating that the payments to D H Hosiery and to herself were arm's-length transactions made in the ordinary course of business. Although the testimony presented by Ms. Goza showed that she was involved in the day-to-day operations of the corporation, her involvement, coupled with her status as sole owner, does not, without additional facts, allow this Court to conclude that the corporation was the alter ego of Ms. Goza.
"[E]ven though a corporation is controlled by only one person, who is also the sole shareholder, in the absence of fraud or inequity, [s]he will be protected from individual liability by the corporate entity." Washburn v. Rabun,487 So.2d 1361, 1366 (Ala. 1986). There was no evidence before the trial court showing that Ms. Goza was using Alan Mills, Inc., as a device to defraud someone or to circumvent the requirements of Alabama corporation law. Without such a showing, we are not willing to "pierce the corporate veil" and, thereby, hold Ms. Goza personally liable. Id.
It is important to note that when a trial court has heardore tenus evidence, we will not disturb its ruling unless the ruling is clearly or palpably wrong. McInnis v. Lay,533 So.2d 581 (Ala. 1988).
Reviewing the evidence under the ore tenus rule, we conclude that the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.
[1] The contract also granted minority ownership in the corporation to a third party who is not a party to this action.