Vernon L. Crum appeals from a summary judgment in favor of SouthTrust Bank of Alabama, N.A. ("SouthTrust"). The summary judgment included a declaration that title to 13 used automobiles passed to their purchasers even though Crum had attempted to retain title by holding the certificates of title, and the judgment ordered Crum to deliver the certificates to SouthTrust. The primary issue involves the effect of Crum's attempt to retain title to the used automobiles, and other issues include the effect of Crum's failure to respond to SouthTrust's request for admissions under Rule 36, Ala.R.Civ.P., and whether Crum Auto Sales, Inc.,[1] was a "person needed for just adjudication" but "absent" from the action within the meaning of Rule 19, Ala.R.Civ.P.
This Court's standard for reviewing a summary judgment was recently stated as follows:
 "Summary judgment is appropriate where 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.' Rule 56(c), Ala.R.Civ.P. In determining whether the moving party is entitled to a summary judgment, the trial court must view all of the evidence in the light most favorable to the nonmoving party. All reasonable doubts are to be resolved in favor of the nonmoving party. Dupont v. Yellow Cab Co. of Birmingham, *Page 869 565 So.2d 190 (Ala. 1990); Kenai Oil Gas, Inc. v. Grace Petroleum Corp., 512 So.2d 1347 (Ala. 1987). In reviewing a summary judgment, this Court applies the same standard as the trial court. Wright v. Robinson, 468 So.2d 94 (Ala. 1985)."
Pickard v. Turner, 592 So.2d 1016, 1019 (Ala. 1992).
This Court's review of the record reveals the following undisputed facts:
Crum is the owner and operator of Crum Auto. Crum, through Crum Auto, is a merchant in the business of selling used automobiles to used automobile dealerships. During late 1989, Jim and Tim Davis, d/b/a J T Auto Sales ("J T Auto"), a used automobile dealership, purchased several automobiles from Crum Auto for resale. For payment of the purchase price, J T Auto gave a sight draft to Crum Auto. In an attempt to retain title to the automobiles, Crum, an experienced used automobile dealer and merchant, held the certificates of title, but transferred complete possession of the automobiles to J T Auto, which planned to resell the automobiles. Prior to this transfer of possession, Crum was aware of J T Auto's business as a used automobile dealership and was aware that J T Auto planned to resell these automobiles. Even though Crum knew that J T Auto would subsequently resell the automobiles, Crum never made any other attempts to protect his alleged ownership interest, to perfect security interests in the automobiles, or to provide any form of notice to prospective buyers that he claimed a security interest in or title to the automobiles.
J T Auto transferred possession of the automobiles to another used car dealer, James Woods ("Woods"), d/b/a By-Pass Auto Sales ("By-Pass Auto"). By-Pass Auto subsequently resold these automobiles to its customers in the ordinary course of business. By-Pass Auto's customers purchased these automobiles by executing a note and a security agreement in favor of By-Pass Auto. By-Pass Auto assigned the note and security agreement to SouthTrust. By-Pass Auto did not pay J T Auto out of the loan proceeds it received from SouthTrust, and J 
T Auto's sight draft to Crum Auto was dishonored.
The customers applied to the Alabama Department of Revenue for certificates of title covering their respective automobiles. The Alabama Department of Revenue refused to issue the certificates without the automobiles' current certificates of title, which were in Crum's possession. When the customers could not obtain the necessary certificates, some of them stopped paying the installment obligations under their notes with SouthTrust Bank. Rather than proceeding against its customers, SouthTrust filed this action against Crum, J T Auto, and Jim and Tim Davis.
SouthTrust's action requested a judgment declaring that it was entitled to possession of the certificates of title to the automobiles and also sought an injunction requiring Crum to deliver these certificates to SouthTrust.
During the discovery process, SouthTrust requested admissions pursuant to Rule 36, Ala.R.Civ.P. SouthTrust's requested admissions read as follows:
 "1. That Vernon L. Crum is a merchant dealing in the sale of automobiles.
 "2. That Jim Davis is a merchant dealing in the sale of automobiles.
 "3. That Tim Davis is a merchant dealing in the sale of automobiles.
 "4. That J. T. Auto Sales is a company or business operated by Jim and Tim Davis, and deals in the sale of automobiles.
 "5. That Jim Woods, was, at all times relevant to this action, a merchant dealing in the sale of automobiles.
 "6. That the automobiles listed in Exhibit A of the Complaint in this action were purchased from James R. Woods d/b/a By-Pass Auto Sales in the ordinary course of business.
 "7. That the automobiles listed in Exhibit A to the Complaint in this action were sold to James R. Woods d/b/a By-Pass Auto Sales in the ordinary course of business, or were entrusted to James R. *Page 870 
Woods d/b/a By-Pass Auto Sales for sale."
Crum failed to respond to these requested admissions, and the matters contained in them were therefore "conclusively established" as true. Rule 36(b), Ala.R.Civ.P.Crum offered the trial court no reasons for failing to respond, and he has offered this Court no such reasons. After several months of discovery, SouthTrust moved for a summary judgment. Based on Crum's admissions and the other materials submitted, the trial court entered a summary judgment in favor of SouthTrust and against Crum and the other defendants. Crum has appealed; the other defendants have not.
Crum argues that the summary judgment should be reversed because, he argues, the record contains no evidence that he, as an individual, sold the automobiles. He argues that, as an individual, he never held title to the automobiles. Crum's argument is based on the rule that a corporation's shareholders will not be held personally responsible for the corporation's debts. Wright v. Alan Mills, Inc., 567 So.2d 1318, 1319 (Ala. 1990); Washburn v. Rabun, 487 So.2d 1361, 1366 (Ala. 1986). This rule does not apply here, because the trial court's judgment does not hold Crum personally liable for monetary damages awarded against Crum Auto. Under the circumstances of this case, Crum has not shown that the trial court erred in rendering declaratory and injunctive relief against him, and the judgment is not due to be reversed on this ground.
Crum also argues that Crum Auto is a "necessary and indispensable party" and that Rule 19, Ala.R.Civ.P., requires that this Court reverse the summary judgment because SouthTrust failed to join Crum Auto as a defendant. Crum did not raise this issue in the trial court. Crum moved to dismiss for lack of in personam jurisdiction, asserting that he, a resident of Mississippi, had no contacts with Alabama and arguing that the vehicles "were sold by Crum Auto Sales, Inc., not by Vernon Crum in his individual capacity." The court denied that motion. Crum stated in both his motion to dismiss and his answer that he owns Crum Auto. Neither the motion nor the answer asserted that Crum Auto was a necessary party without which the action should not proceed. Furthermore, Crum did not raise Rule 19 until he filed his reply brief. Nevertheless, this Court has held that the absence of a necessary or indispensable party can be raised for the first time on appeal by the parties or by the appellate court on its own motion. J.C. Jacobs Banking Co. v.Campbell, 406 So.2d 834 (Ala. 1981); Morris v. Owens, 292 Ala. 159,161, 290 So.2d 646, 648 (1974).
This Court recently decided a case involving a similar argument that another person who was not a party to the action was "necessary and indispensable" and that, therefore, the trial court's judgment should be reversed. Long v. Vielle,549 So.2d 968 (Ala. 1989). Vielle, a real estate grantee, brought an action to reform a deed. According to Vielle, the deed mistakenly conveyed only two lots instead of the three lots that constituted the entire parcel the grantor had agreed to convey. Before the action for reformation, the third lot had been conveyed to a purchaser at a tax sale, Sharon Long, who lived across the street from Vielle's property and so had notice that Vielle was in possession of the third lot. Vielle did not include Sharon Long as a party to his reformation action. The trial court reformed the deed to add the third lot. On appeal, the grantor, Athalie Long, argued for the first time that Sharon Long (Athalie's daughter-in-law) should have been made a party. This Court affirmed, holding that, although Sharon Long had not been included as a party, she was not "absent" for purposes of Rule 19, Ala.R.Civ.P. Recognizing the flexibility of Rule 19, this Court stated:
 " 'A close examination of Rule 19, ARCP, implies that a person should be joined as a party, in the first instance, if he is absent and, further, that the failure to so join is prejudicial to such person. In this instance, [the non-party] was not absent within the contemplation of the rule and to this court was not prejudiced by the failure to be added as a party. *Page 871 
 " 'According to Moore, Moore's Federal Practice § 0.411(6) 2nd Ed. (1974) at 1552 [sic]:
 " ' "If a non-party who thus participates in litigation has an interest sufficiently close to the matter in litigation, and has adequate opportunity to litigate in support of or in defense against the cause of action on which the suit is based, the policies . . . require that the participating non-party should be bound by the resulting judgment to the same extent as though he were a party to the action. . . ." ' "
Long, 549 So.2d at 971 (quoting Moody v. Moody, 339 So.2d 1030,1034 (Ala.Civ.App.), cert. denied, 339 So.2d 1035 (Ala. 1976)). This Court noted that Sharon Long had actual notice of the action and of Vielle's claim of ownership to the third lot. In fact, Sharon Long had actually testified at the trial. This Court held that Sharon Long "had ample opportunity to be heard on issues pertinent to a determination of proper title to the property in question" and, therefore, was "not within that class of parties who are guaranteed protection by Rule 19." This Court wrote, "Sharon Long was not absent within the contemplation of Rule 19." Id.
In the present case, Crum, the owner and operator of Crum Auto, was present as a defendant in the action. Crum actually testified about his actions as the owner and operator of Crum Auto, and he never asserted that the case should not go forward without Crum Auto as a defendant. Crum knew that SouthTrust sought possession of the certificates for the automobiles that Crum Auto had sold to J T Auto. As was true of Sharon Long inLong v. Vielle, Crum Auto had "ample opportunity to be heard" and was not "absent" for purposes of Rule 19's protection. Finally, the judgment does not require Crum or Crum Auto to pay money damages; it simply requires Crum to transfer the certificates of title, which he would be obligated to do whether the judgment were directed to him as an individual or to the corporation of which he is the owner and the principal officer. There is no suggestion that Crum Auto could have asserted a defense that was unavailable to Crum. For these reasons, the summary judgment is not due to be reversed because Crum Auto was not a party.
Crum's principal attack on the judgment is directed toward the trial court's decision that SouthTrust is entitled under § 32-8-41 to possession of the certificates of title because it is the first lienholder. Among other things, he argues that the summary judgment was not proper because, he says, SouthTrust did not show the required absence of any genuine issues of material fact. Rule 56, Ala.R.Civ.P. The factual disputes Crum attempts to show this Court relate to whether Woods was a merchant dealing in the sale of automobiles and whether purchasers of the automobiles were buyers in the ordinary course of Woods's and By-Pass Auto's business. Crum's contentions are without merit. SouthTrust requested Crum's admission of certain facts. These admissions of fact included Crum's admissions "[t]hat Jim Woods, was, at all times relevant to this action, a merchant dealing in the sale of automobiles"[2]
and "[t]hat the automobiles . . . in this action were purchased from James R. Woods d/b/a By-Pass Auto Sales in the ordinary course of business."[3] Even without Crum's admissions, the record contains "substantial evidence" of these facts and contains no evidence to the contrary. Although Crum's answer to SouthTrust's complaint included *Page 872 
the statement that "Defendant Crum is without sufficient information to admit or deny whether the purchasers were buyers in the ordinary course," on this appeal Crum does not mention his failure to respond to SouthTrust's request for admissions. Crum's answer to the complaint was not the denial required by Rule 36, Ala.R.Civ.P. Breen v. Baldwin County Federal SavingsBank, 567 So.2d 1329 (Ala. 1990). Therefore, SouthTrust's request for admissions and Crum's complete failure to respond to SouthTrust's requests "conclusively established" these facts. Crum's other arguments are generally directed at whether the individual consumers acquired title to the used automobiles they purchased from By-Pass Auto. Section 7-2-403, Ala. Code 1975, states:
 "(1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though:
 "(a) The transferor was deceived as to the identity of the purchaser, or
 "(b) The delivery was in exchange for a check which is later dishonored, or
 "(c) It was agreed that the transaction was to be a 'cash sale,' or
 "(d) The delivery was procured through fraud punishable as larcenous under the criminal law.
 "(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.
 "(3) 'Entrusting' includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law.
 "(4) The rights of other purchasers of goods and of lien creditors are governed by the articles on secured transactions (article 9), bulk transfers (article 6) and documents of title (article 7)."
Ala. Code 1975, § 7-2-403 (emphasis added). The record in this case requires the conclusion that Crum, acting through Crum Auto, entrusted the used automobiles to J T Auto and that J 
T Auto subsequently entrusted the used automobiles to By-Pass Auto, a merchant dealing in goods of the kind. According to Ala. Code 1975, § 7-2-403(2), the sale of the used automobiles by By-Pass Auto transferred "all rights of the entruster," including legal title, because the purchasers were "buyers in the ordinary course of [By-Pass Auto's used automobile] business."
Crum also failed in his attempt to retain title to the used automobiles by holding the certificates of title.[4] WoodChevrolet Co. v. Bank of the Southeast, 352 So.2d 1350 (Ala. 1977); Ranger Ins. Co. v. Whitlow, 514 So.2d 1338 (Ala. 1987). Further, the Uniform Certificate of Title and Antitheft Act, Ala. Code 1975, § 32-8-1 et seq., does not provide for the creation of a security interest between used automobile dealers who hold automobiles for sale. Section 32-8-60(3), Ala. Code 1975, states: "This chapter [the Uniform Certificate of Title and Antitheft Act] does not apply to or affect . . . [a] security interest in a vehicle created by a . . . dealer who holds the vehicle for sale, but a buyer in the ordinary course of trade from the . . . dealer takes title free of the security interest." See First Dallas County Bank v. General MotorsAcceptance Corp., 425 So.2d 460 (Ala.Civ.App. 1982), affirmed, 425 So.2d 464 (Ala. 1983); Whitworth v. Dodd,435 So.2d 1305 (Ala.Civ.App. 1983). *Page 873 
Because Crum entrusted the used automobiles to a merchant dealing in goods of the kind and that merchant subsequently entrusted the used automobiles to a second merchant dealing in goods of the kind, title to the used automobiles passed when SouthTrust's customers purchased the used automobiles in the ordinary course of the second merchant's business. Because title to the used automobiles passed, SouthTrust's customers acquired the right to possess the certificates of title evidencing ownership of the used automobiles. Crum must surrender the certificates of title. However, nothing in this opinion should be interpreted as affecting Crum's rights or Crum Auto's rights against J T Auto, Woods, or By-Pass Auto. See Ala. Code 1975, § 32-8-46(c). SouthTrust is entitled to hold the certificates pursuant to its agreement with the buyers. For these reasons, this Court affirms the trial court's summary judgment in favor of SouthTrust and against Crum.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] We shall refer to Vernon L. Crum individually as "Crum" and to the corporation, Crum Auto Sales, Inc., as "Crum Auto."
[2] A merchant is "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill." Ala. Code 1975, § 7-2-104(1).
[3] A "buyer in the ordinary course of business" is "a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind." Ala. Code 1975, § 7-1-201(9).
[4] For the means by which Crum Auto could have perfected a security interest in the automobiles, see § 7-9-302(3)(b).