The plaintiff Thomas H. Devenish appeals from a summary judgment in favor of the defendants Barry C. Phillips ("Phillips") and Barry Phillips Builder, Inc. ("Phillips Builder").
A summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue.Hinkle v. Burgreen Contracting Co., 678 So.2d 797 (Ala.Civ.App. 1996). "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). In determining whether substantial evidence exists to defeat a summary judgment motion, the reviewing court must view the evidence in a light most favorable to the nonmoving party. Goodwin v. City of Fultondale, 706 So.2d 766
(Ala.Civ.App. 1997).
The facts are as follows: Phillips owned Lot 19, 2805 Castle Pines Circle, in the Hampton Cove area in Madison County. Lot 19 is adjacent to Lot 18, which is partly owned by Devenish. Phillips Builder constructed a retaining wall on Lot 19, before any construction was done on Devenish's Lot 18. Although the retaining wall is located on Lot 19, a portion of the underpinning of the wall is located below ground on Lot 18. In July 1995, Phillips sold Lot 19 to Jack Kirker.
On February 2, 1996, Devenish sued Phillips and Phillips Builder in the small-claims division of the Madison County District Court, seeking $1,500 in damages. He alleged:
 "The retaining wall footings and sprinkler system supply lines encroach onto the property of Thomas H. and Margaret C. Devenish, Lot 18, 2807 Castle Pines Circle. In addition, the poor retaining wall construction and drainage create a hazard on my driveway. The retaining wall and house on Lot 19, 2805 Castle Pines Circle were built by Barry C. Phillips, a professional builder. Mr. Phillips was notified of the problems with the wall before he sold the property to Jack Kirker in July 1995. Mr. Phillips ignored my request for correction of the situation."
The district court entered a $1,500 judgment for Devenish; neither party appealed, and Phillips paid the judgment.[1]
On September 22, 1997, Devenish again sued Phillips and Phillips Builder, this time seeking $3,000 in damages, and alleging:
 "Continuing trespass from October 24, 1996, until the present. Channeling water onto adjoining property. The retaining wall footing built on Lot 19, 2805 Castle Pines Circle by Mr. Barry Phillips, a professional builder, encroaches *Page 494 
onto my property, Lot 18, 2807 Castle Pines Circle. In addition, the retaining wall construction acts as a dam, channeling water onto my property. This water drains onto my driveway creating a hazard year round. Mr. Phillips has had the time, knowledge, and ability to correct the situation, but has chosen to ignore my requests for correction of the matter. This problem existed before Mr. Phillips sold the property to Mr. Jack Kirker, the current owner of the property."
The trial court entered a summary judgment in favor of Phillips and Phillips Builder, stating that the defendants were not the proper defendants because Phillips no longer owned the land.
Devenish argues that Alabama allows successive actions for a continuous trespass, based on § 6-5-217, Ala. Code 1975. Phillips argues that Devenish's second action is barred by the doctrine of res judicata, because, he says, there has been a prior judgment, rendered by a court of competent jurisdiction, with the same parties in both lawsuits, and the same cause of action presented in both lawsuits. Phillips also argues that he is not liable for trespass, because he no longer owns the property.
Section 6-5-217 provides:
 "Damages for continuous trespass are limited to those which have occurred before and up to the trial. Subsequent damages flowing from a continuance of the trespass give a new cause of action."
Our supreme court, in Borland v. Sanders Lead Co.,369 So.2d 523 (Ala. 1979), discussed the concept of continuous trespass. The plaintiff in Borland raised cows on land adjoining land owned by the defendant; which operated a lead company. The defendant's smelting plant twice failed to function properly, causing a dangerous accumulation of lead particles and sulfoxide deposits on the plaintiff's property. The supreme court remanded the case to the trial court for a determination of whether the trespass was permanent or was continuing. If a trespass is permanent, damages must be recovered all at one time — past, present, and future. The measure of damage is the difference in the fair market value of the property before the trespass and the fair market value of the property after the trespass. The Borland
court stated:
 "If the nature of the injury is continuous (i.e., during the tenure of the trespass), the plaintiff can recover for the use of his property or its fair rental value. (Also, plaintiff may be able to recover the cost of restoration if this, plus rental value, is less than the diminution in value.) Any damages for future loss must be recovered in a later action if and when a subsequent trespass occurs."
Id. at 531. In Borland, if the smelting plant had malfunctioned after the first lawsuit, then the plaintiffs would have a new cause of action for the subsequent damage from the second malfunction. However, in the present case, the trespass resulted in a permanent change to the land, with a continuing harm. Because the retaining wall has produced a permanent injury to the land, Devenish's right was to full redress in a single action for the trespass, and he had no right to file successive actions.
We note that one remedy for a continuing trespass is a permanent injunction, which, in the present case, could provide a removal of the encroachment. However, money damages could also be appropriate. Devenish did not seek an injunction in his first action. He asked for and received money damages. Devenish's second lawsuit is a result of his not asking for appropriate relief or for not suing for enough money the first time, not because of some new injury. The facts of this case show a single encroachment resulting in harm, not a continuous wrong involving new harm to the property on each occasion. Devenish had a full and fair opportunity to be heard on his trespass claim when he filed his first lawsuit in February *Page 495 
1996. He is now barred by the doctrine of res judicata from relitigating his claims.
The elements of res judicata are: "(1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits."Sanders v. First Bank of Grove Hill, 564 So.2d 869, 872 (Ala. 1990). Litigation is burdensome enough without giving every unhappy party a "do over" when they have had a full and fair opportunity to present their claims.
We note that Phillips no longer owns the real property or the retaining wall. It would be patently unfair to allow Devenish to continue to sue Phillips for money damages for the retaining wall based on the theory of a continuous trespass. Moreover, even if we allowed the second action, the court could not now award injunctive relief, because it cannot order Phillips to enter the property of another and tear down a wall Devenish alleges to be causing his injury.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
Robertson, P.J., and Monroe, Crawley, and Thompson, JJ., concur.
[1] Because neither party appealed from the judgment in the first lawsuit, we will not address whether Phillips was the proper defendant in that action.